UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ERIC GONZALEZ,

                              Plaintiff,

      - against -
                                         **COMPLAINT**

CITY OF NEW YORK, DERICK DILONE,
and JOHN and JANE DOES 1-5,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Eric Gonzalez, by his attorney, Michael Lumer, hereby alleges upon information and belief as follows:

        1.     At all times hereinafter mentioned, plaintiff Eric Gonzalez was an adult resident of Bronx County, in the City and State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and the New York City Department of Corrections ("DOC"), and their respective employees.

        3.     At all relevant times hereinafter mentioned, defendant Derick Dilone was employed by the City as a member of the NYPD, Tax No.: 974064. Dilone is sued herein in his individual capacity.

        4.     At all relevant times hereinafter mentioned, defendants John and Jane Doe 1-5, were individuals employed by the City as members of the NYPD whose full and complete identities are unknown to the plaintiff at this time. The Doe defendants are sued herein in their individual capacity.

5. At all relevant times hereinafter mentioned, the individual defendants, including the Doe defendants, were acting within the scope of their employment by the municipal defendant and under color of law.

6. The plaintiff timely served a Notice of Claim on the defendant City of New York.

7. At least thirty days have passed since service of plaintiff's Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

8. Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

10. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, *et seq.* in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

**RELEVANT FACTS**

11. During the early morning hours of September 24, 2024, the plaintiff and several members of his family were returning home from a funeral when they encountered Dilone and another police officer.

12. The plaintiff and his family members arrived in a vehice, at which time they that vehicle and walked towards the gate in the front yard at 2504 Devoe Terrace, Bronx County.

13. As they were entering the yard they were approached by defendant Dilone and one of the John Doe defendants, who may be a police officer named Orlando Bryan, whose shield was at that time 19547.

14. Both Dilone and the Doe defendant were in uniform and appeared to be on duty.

15. The two defendants told the plaintiff and his family members, in sum and substance, that they were there because of a noise complaint.

16. Plaintiff and/or members of his family explained that, as the defendants surely knew from what they could observe, they had just arrived and thus could not be the subject of a noise complaint.

17. Notwithstanding the absence of any basis for stopping plaintiff or any of his family members, Dilone demanded that plaintiff produce his identification.

18. The plaintiff declined, stating that there was no reason to ask him for his identification. The conversation continued, with plaintiff and his family and the defendants all at or around the gate to the front yard.

19. Dilone was openly hostile towards plaintiff and his family and continued to demand that plaintiff provide his identification, and at one point referred to plaintiff's mother as a "bitch."

20. Plaintiff did not assault or threaten to assault Dilone, or any other officer, and did not violate, appear to violate, attempt to violate, or appear to attempt to violate any laws during this conversation, even after Dilone gratuitously insulted plaintiff's mother.

21. Notwithstanding the basis for any use of force against plaintiff, Dilone then pepper sprayed plaintiff and plaintiff's mother, causing both of them to suffer pain, burning, and distress.

22. Dilone and/or one or more of the Doe defendants then tased plaintiff twice, striking plaintiff in the neck and again in the back.

23. Plaintiff was taken violently to the ground, causing his head to strike the ground, and then handcuffed.

24. While plaintiff was prone on the ground and in handcuffs defendant Dilone kicked him in the face.

25. At no time was there any basis for any of the defendants to utilize any force against the plaintiff, much less the force that was actually used, nor was there any basis for the defendants to believe that such force was reasonable or necessary.

26. Other police officers whose identities are not presently known to the plaintiff arrived during the course of this assault on plaintiff. These included at least one uniformed supervisory officer who is believed to hold the rank of lieutenant or higher. This belief is based on the fact that the officer was wearing a white shirt as part of his uniform.

27. Plaintiff was taken in handcuffs to Saint Barnabas Hospital and then to a local NYPD precinct station house, where he was held in custody while his arrest was processed.

28. Plaintiff, still in the defendants' custody, was subsequently transported to Bronx County Central Booking.

29. While plaintiff was in defendants' custody following his arrest, the defendants completed, or caused to be completed, arrest paperwork in which one or more of the

4

defendants falsely claimed, at least in part, that plaintiff spit in Dilone's face and caused Dilone to experience annoyance, alarm, and fear for his safety.

30.     This claim was false as the plaintiff did not spit at or attempt to assault any of the officers, including Dilone.

31.     The defendants forwarded, or caused to be forwarded, the arrest paperwork, and possibly other documentation, containing these materially and fundamentally false allegations to the Bronx County District Attorney's office ("BXDA").

32.     The purpose of transmitting the documentation concerning plaintiff's arrest to the BXDA was to ensure that the BXDA would initiate plaintiff's criminal prosecution.

33.     Defendant Dilone or at least one Doe defendant is believed to have spoken with a member of the BXDA while plaintiff was still in defendants' custody, during which he repeated these materially false allegations about the circumstances surrounding plaintiff's arrest.

34.     Based entirely on the defendants' materially false communications, the BXDA drafted a criminal complaint for the signature of Orlando Bryan, who was the nominal arresting officer.

35.     In that criminal complaint, sworn to on September 24, 2023, PO Bryan swore that Dilone told him that plaintiff had spit at Dilone and caused him to suffer annoyance, alarm, and fear for his safety.

36.     The plaintiff was then arraigned docket number CR-020880-23BX on charges of attempted assault in the third degree and harassment in the second degree.

37. On January 8, 2024, all charges against the plaintiff were dismissed on speedy trial grounds.

38. At no time on September 24, 2023, did the plaintiff spit in Dilone's face or engage in criminal or unlawful conduct.

39. The interaction between the defendants and the plaintiff and his family was initiated by the defendants, and escalated and exacerbated by their conduct. The reaction by the plaintiff and his family can only be understood as a response to the defendants' unwarranted and aggressive conduct.

40. To the extent that any of the Doe defendants did not participate personally in the arrest of the plaintiff or the use of force against plaintiff or the communication with the BXDA, each such defendant was present for the arrest and failed to intervene or otherwise attempt to protect plaintiff from being physically harmed, arrested without adequate legal cause, or wrongly prosecuted as a result.

41. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were performed jointly and collectively, and in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(Excessive Force Pursuant to 42 USC §1983
against the Individual Defendants)

42. Plaintiff repeats the preceding allegations as though stated fully herein.

43. The defendants use of force, including, but not limited to, tasing and pepper spraying plaintiff, forcibly taking plaintiff to the ground, and kicking him in the face

while he was lying on the ground prone and in handcuffs, was objectively unreasonable and caused plaintiff to suffer injury.

44. To the extent that any of the individual defendants did not physically participate in the unconstitutional use of force against the plaintiff, each such person was aware that the force would be and was being used and failed to intervene to protect plaintiff.

45. The individual defendants, individually and collectively, subjected plaintiff to excessive force in violation of the plaintiff's rights under the Fourth Amendment to the United States Constitution.

46. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and emotional injuries, mental anguish, loss of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

(False Arrest Pursuant to 42 USC §1983
against the Individual Defendants)

47. Plaintiff repeats the preceding allegations as though stated fully herein.

48. The defendants seized and took plaintiff into custody without sufficient legal cause or any reasonable basis to believe that such cause existed.

49. Any conflict between plaintiff and the defendants was caused and brought about by the defendants' own misconduct.

50. To the extent that any of the individual defendants did not physically participate in the unconstitutional seizure of the plaintiff, each such person was aware that the seizure was occurring or had occurred, and failed to intervene to otherwise protect plaintiff.

51. The individual defendants, individually and collectively, subjected plaintiff to false arrest in violation of the plaintiff's rights under the Fourth Amendment to the United States Constitution.

52. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and emotional injuries, mental anguish, loss of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

(Denial of a Fair Trial/Fabricated Evidence
Pursuant to 42 USC §1983 against the Individual Defendants)

53. Plaintiff repeats the preceding allegations as though stated fully herein.

54. The defendants fabricated evidence against the plaintiff by falsely claiming that plaintiff spit in defendant Dilone's face and by crafting a false narrative about the events surrounding the arrest.

55. The fabricated evidence consisted of materially false factual claims.

56. The defendants communicated this false narrative to the BXDA.

57. The BXDA commenced the criminal prosecution of plaintiff based on the fabricated evidence communicated by the defendants.

58. The plaintiff suffered a deprivation of his liberty by virtue of the defendants' fabrication of evidence.

59. To the extent that any of the individual defendants did not directly participate in the fabrication of evidence or the communication of the fabricated evidence to the BXDA, each such person was or should have been aware that this constitutional violation was occurring and failed to intervene to protect plaintiff.

60. The individual defendants, individually and collectively, subjected plaintiff to the denial of a fair trial in violation of the plaintiff's rights under the Fourth, Sixth, and/or Fourteenth Amendments to the United States Constitution.

61. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and emotional injuries, mental anguish, loss of liberty, and the loss of his constitutional rights.

## FOURTH CAUSE OF ACTION

(Malicious Prosecution Pursuant to 42 USC §1983
against the Individual Defendants)

62. Plaintiff repeats the preceding allegations as though stated fully herein.

63. The defendants caused, initiated, or otherwise brought about the plaintiff's criminal prosecution.

64. There was no probable cause for plaintiff's prosecution, and defendants knew that they lacked probable cause for the plaintiff's prosecution.

65. The defendants' actions in bringing about plaintiff's prosecution were intentional and malicious and caused the plaintiff to suffer a deprivation of his liberty.

66. The criminal prosecution was terminated in plaintiff's favor.

67. To the extent that any of the individual defendants did not directly participate in the above malicious prosecution, each such person was aware that the plaintiff was being maliciously prosecuted and failed to intervene or otherwise protect plaintiff.

68. The individual defendants, individually and collectively, caused plaintiff to be maliciously prosecuted in violation of the plaintiff's rights under the Fourth Amendment to the United States Constitution.

69. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and emotional injuries, mental anguish, loss of liberty, and the loss of his constitutional rights.

## FIFTH CAUSE OF ACTION

(State Law Claims for Excessive Force, Assault, and Battery
Against the City of New York and the Individual Defendants)

70. Plaintiff repeats the preceding allegations as though stated fully herein.

71. The individual defendants, including the Doe defendants, threatened plaintiff with the use of physical force, brandished weapons such as pepper spray and a taser, and used these weapons and other physical force, without justification or legally sufficient cause, or any reasonable basis to believe that this use of force was reasonable or justified.

72. The individual defendants, including the Doe defendants, are liable to plaintiff under state law, for the use of excessive force and for assault and battery.

73. The municipal defendant, the City of New York, is vicariously liable for the acts of the individual defendants, who were at all relevant times herein acting within the scope of their employment as subordinate officers and agents of the municipal defendant.

74. By reason thereof, the City of New York and the individual defendants have caused the plaintiff to suffer emotional and physical injuries, mental anguish, and the deprivation of his liberty, as well as the loss of his civil rights, in an amount in excess of the jurisdictional minimum of this Court.

## SIXTH CAUSE OF ACTION

(New York City Administrative Code §8-801 et seq.
Against the City of New York and the Individual Defendants)

75. Plaintiff repeats the preceding allegations as though stated fully herein.

76. Each of the individual defendants is liable under New York City Administrative Code (§8-802) for subjecting the plaintiff to (i) excessive force; (ii) false arrest; and (iii) the denial of a fair trial.

77. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they were aware that it was or would be happening, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

78. The City of New York, as the individual defendants' employer, is liable under §8-803 for the acts of its employees and agents, including these individual defendants.

79. By reason thereof, the municipal defendant has violated New York City Administrative Code §8-801 et seq., and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration, and the deprivation of his liberty.

[Remainder of Page Intentionally Blank]

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiff demands judgment against defendants jointly and severally as follows:

i. actual and punitive damages against the individual defendants in an amount to be determined at trial;

ii. actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York City Administrative Code §8-805, and expenses and costs of the action;

iv. an order issued by this Court expressly restraining each individual defendant found liable from engaging in further conduct in violation of Administrative Code §8-802, as required under New York City Administrative Code §8-805(a)(3); and,

v. such other relief as the Court deems just and proper.

Dated: New York, New York
December 19, 2024

LUMER LAW GROUP
Attorneys for Plaintiff Eric Gonzalez

*/s/ Michael Lumer*

Michael Lumer, Esq.
14 Wall Street, Suite 1603
New York, New York 10005
(212) 566-5060